# Ferdinand Schimanski, by Otto Schimanski, Appellee, v. Chicago Railways Company, Appellant.

## Gen. No. 21,939.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 18, 1917. Rehearing denied May 3, 1917. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Action by Ferdinand Schimanski, by Otto Schimanski, his father and next friend, plaintiff, against the Chicago Railways Company, defendant, to recover damages for personal injuries sustained by plaintiff while alighting from defendant's street car. From a judgment for plaintiff for $2,250, defendant appeals.

WATSON J. FERRY, for appellant; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

GALLAGHER & MESSNER, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Schimanski v. Chicago Railways Co., 205 Ill. App. 364.

## Abstract of the Decision.

1. CARRIERS, § 476*—*when evidence is sufficient to sustain finding for plaintiff as to accident.* Evidence *held* sufficient to warrant the finding for plaintiff notwithstanding his description of the car and manner in which his clothing caught at the time he was injured was inaccurate as to some details, in an action to recover damages for personal injuries sustained while alighting from defendant's street car.

2. APPEAL AND ERROR, § 1563*—*when refusal of instruction is not reversible error.* It is not reversible error to refuse an instruction denying the right of recovery under certain counts of a declaration where there is evidence tending to prove the allegations of other counts.

3. INSTRUCTIONS, § 151*—*when refusal of instruction is not error.* Refusal to give an instruction that unless plaintiff proved his case by a preponderance of the evidence, that if the evidence was evenly balanced or the jury in doubt they should find the defendant not guilty, in an action to recover damages for personal injuries, *held* not error where other instructions told the jury that plaintiff must prove his case by a preponderance of the evidence.

4. DAMAGES, § 120*—*when verdict for personal injuries to boy is not excessive.* Verdict for $2,250 *held* not excessive, where the evidence tended to show that plaintiff, a boy eight years old at the time of the accident, was a normal healthy boy prior thereto, was found unconscious immediately after the accident and so remained for some time; that he had a swelling on his head the size of a hen's egg, bruises on his nose and a slight hemorrhage from the nostrils; chest and knees bruised and latter swollen; that he vomited a substance tinged with blood immediately after the accident, was confined to his bed for two weeks, and was out of school the same length of time, suffered with headaches and dizziness for three years after the accident and until time of trial, and by reason of the accident had become epileptic.

5. APPEAL AND ERROR, § 1094*—*when brief contains improper statements.* Charges in brief of plaintiff's counsel that defendant and certain of defendant's witnesses had suppressed facts, *held* unjustified and the language used unbecoming, unwarranted and undignified.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.